ALDERMAN, Judge.
This appeal is from an order of the circuit court dismissing with prejudice the appellants’ complaint, which sought common law indemnification from the appellees.
Shell Oil Company, whose rights and claims have been assigned to the appellants, used the services of a labor broker, Manpower, Inc., to obtain an employee to work at a gas station owned and operated by Shell. The employee was injured in the course of his employment. He filed a workmen’s compensation claim against Manpower and its insurer, Transamerica, which was settled for the lump sum of $23,072.65. Manpower and Transamerica then commenced an action against Shell under Section 440.42, Florida Statutes (1975), contending that Shell was the injured man’s employer under the statute and so should reimburse Manpower and Transamerica for the amounts they had paid to the employee.[1] The Judge of Industrial Claims found that the injured man had been an employee of Shell on the date of the accident, and that as actual or “special” employer, Shell must reimburse Transamerica for the monies paid to or on behalf of the employee by Transamerica.
The appellants, having purchased Shell’s claim and rights, then filed a complaint in circuit court seeking common law indemnification from Manpower and Transamerica *12 for the amount Shell had been required to expend in reimbursement. The appellants’ complaint alleged that Manpower “expressly warranted both orally and in writing, through its advertisements” that Manpower would provide unemployment and workmen's compensation insurance benefits for personnel (one of whom was the injured employee) which it supplied to Shell. The trial court granted the defendants’ motion to dismiss the complaint on ground of res judicata. We reverse.
The finding of res judicata is based upon the Compensation Order of the Judge of Industrial Claims in which Shell was found to be the “special” employer of the injured workman and hence liable to reimburse those who had paid workmen’s compensation benefits. The Compensation Order reveals, however, that it contains no resolution of the issue of common law indemnification. In fact the Compensation Order states:
The evidence reflects without specific details that there was some type of oral agreement in existence between Shell Oil Company and Manpower, Inc. to which oral agreement the Transamerica Insurance Company was not a party and which oral agreement apparently determined whether or not compensation coverage for special employees such as Robert E. Hamilton in this cause, should be furnished by either the Shell Oil Company or by Manpower, Inc. However, I find that as a Judge of Industrial Claims, I do not have jurisdiction or power to enter ruling on the oral agreement existent between Manpower, Inc. and Shell Oil Company as it affects Transamerica Insurance Company; the efficacy of said oral agreement; or the power or jurisdiction to determine whether said oral agreement between Manpower, Inc. and Shell Oil Company was binding on Transamerica Insurance Company under the terms of the written contract of insurance at the time of this accident entered into between Manpower, Inc. and Transamerica Insurance Company.
The complaint alleges both oral and written warranties. Even thoúgh the Judge of Industrial Claims specified only an oral agreement in stating his lack of jurisdiction, we find that his Compensation Order adjudicated neither the issue of a written nor an oral indemnification agreement. The Judge of Industrial Claims was concerned with determining who was the injured man’s employer under Section 440.42, Florida Statutes (1975). The issue of common law indemnification is entirely separate and was not settled in any way by the Compensation Order.
We therefore determine that the issue of an oral and written indemnification agreement which was raised in the appellants’ complaint is not res judicata, and we reverse the trial court’s order dismissing the complaint.
REVERSED and REMANDED for further proceedings consistent with this opinion.
ANSTEAD and DAUKSCH, JJ., concur.

. Section 440.42(3), Florida Statutes (1975), provides:
When there is any controversy as to which of two or more carriers is liable for the discharge of the obligations and duties of one or more employers with respect to a claim for compensation, remedial treatment or other benefits under this chapter, the judge of industrial claims shall have jurisdiction to adjudicate such controversy; and if one of the carriers voluntarily or in compliance with a compensation order makes payments in discharge of such liability and it is finally determined that another carrier is liable for all or any part of such obligations and duties with respect to such claim, the carrier which has made payments either voluntarily or in compliance with a compensation order shall be entitled to reimbursement from the carrier finally determined liable, and the judge of industrial claims shall have jurisdiction to order such reimbursement; provided however, if the carrier finally determined liable can demonstrate that it has been prejudiced by lack of knowledge or notice of its potential liability, such reimbursement shall be only with respect to payments made after it had knowledge or notice of its potential liability.